# Exhibit 1

*EXECUTION COPY*

## SETTLEMENT AGREEMENT & GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into as of the date of the last signature below (the "Effective Date"), by and between Plaintiff Danyale Yarger ("Plaintiff"), on the one hand, and defendant Fresh Farms, LLC ("Defendant" or "Fresh Farms"), on the other hand (together, the "Parties," or singularly, a "Party"). This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge and settle all the claims specified below, subject to the terms and conditions set forth and agreed to herein.

## RECITALS

**WHEREAS**, Plaintiff filed an action on December 19, 2019, captioned *Yarger v. Fresh Farms, LLC*, No. 19-cv-02767-JAR-JPO in the United States District Court for the District of Kansas (the "Action");

**WHEREAS**, in the Action, Plaintiff alleges a cause of action for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA");

**WHEREAS**, without any admission as to fault, liability or wrongdoing or as to the validity of the other Party's positions, the Parties desire to avoid the further expense and uncertainties attendant with litigation and to settle and voluntarily compromise any and all claims or causes of action between them that have arisen or that may arise in the future, including those which in any way relate to Plaintiff's claims or the allegations set forth in the Action upon the terms set forth below; and

**WHEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties that the Action and the claims released as against the Parties identified below shall be finally and fully compromised, settled, and resolved on the terms and conditions set forth in this Agreement, as a good faith, fair, reasonable, and adequate settlement.

## AGREEMENT

1. **Payment**: The Parties have agreed to settle this matter for a total payment (the "Settlement Payment") of TWO THOUSAND FIVE HUNDRED and NO/100 UNITED STATES DOLLARS ($2,500.00) as full and complete consideration for the settlement agreed to herein. The Settlement Payment shall be made by Defendant via wire, with information to be provided separately by Plaintiff's Counsel, or via check payable to "Boulware Law LLC" delivered to Plaintiff's Counsel at Boulware Law LLC, 1600 Genessee, Suite 416, Kansas City, Missouri, 64102. Defendant shall cause the Settlement Payment to issue to Plaintiff's counsel within fourteen (14) days of the Effective Date. As set forth below, the Settlement Payment shall resolve and forever discharge any and all claims asserted or claims that could have been asserted by Plaintiff against Defendant in the Action.

2. **Release**: Plaintiff, including any spouse, present or former family members, present, former and future heirs, executors, administrators, representatives, agents, successors, predecessors-in-interest, and assigns hereby and forever releases, relinquishes, and gives up (and agrees not to directly or indirectly pursue) any and all claims, suits, actions, controversies, demands, and/or causes

of action whatsoever, of every kind, nature, or description, whether in law or in equity, known or unknown that Plaintiff has against Defendant or any or all of its present or past predecessors, successors, assigns, direct or indirect parents, and each of its and their respective employees acting within the scope of their employment, agents acting within the scope of their authority, consultants, independent contractors, insurers, directors, managing directors, officers, partners, successors in interest, assigns and persons, firms, trusts and corporations (collectively, the "Released Parties") with regard to the TCPA claim asserted in the Action, or which could have been asserted in the Action relating to communications in any form by Defendant or the Released Parties to a cellular telephone number for which Plaintiff is the subscriber or regular or customary user, arising through the Effective Date. This release extends to and includes any claims for civil damages (tort or contract), exemplary or punitive damages, and direct or derivative claims, for any monetary recovery or injunctive relief.

This release, however, does not include any claims arising out of a failure of a Party to perform in conformity with the terms of this Agreement.

3. **Stipulation of Dismissal**: Plaintiff shall dismiss the Action with prejudice and execute and deliver such documents as may be necessary to effect such dismissal with prejudice as to her individual claims and without prejudice as to the claims of the putative class members, within three (3) business days of the receipt of the Settlement Payment. Each Party will bear its own attorneys' fees and/or litigation expenses, and costs in connection with the Action and such dismissal.

4. **No Admission of Liability**: This Agreement is executed by the Parties for the sole purpose of compromising and forever resolving the matters between them involved in the Action, and it is expressly understood and agreed as a condition hereof, that this Agreement shall not constitute or be construed as an admission of liability, negligence or fault of Defendant or any of the Released Parties, or as evidencing or indicating in any degree an admission of the truth or correctness of any claims asserted in the Action.

5. **No Assignment**: Plaintiff represents and warrants that she is the sole and current owner of the claims being released in this Agreement and that any such claims have not been assigned or otherwise transferred to any other person or entity. In executing this Settlement Agreement, the Parties warrant and represent that they are the only persons having any interest in the claims asserted in this Action. Neither these claims, nor any part of these claims, have been assigned, granted, or transferred in any way to any other person.

6. **Representations**: The Parties represent that, respectively, they (a) have read this entire Agreement and understand its terms; (b) have been given a reasonable and adequate period of time to consider this Agreement before signing it; (c) fully understand the terms and effects of this Agreement; (d) fully understand their right to discuss all aspects of this Agreement with an attorney of their choice, and have availed themselves of this right or elected not to; (e) are voluntarily executing this Agreement by their own free act and deed; and (f) understand that no payment or consideration has been promised to Plaintiff for entering into and signing this Agreement which is not specified in this Agreement. Plaintiff further represents she is not aware of any claims against Defendant or any of the Released Parties, of any kind or nature, other than

those asserted in the Action, and acknowledges this representation is a material part of the Agreement.

7. **Binding Authority**: Each Party further represents that the individuals signing this Agreement have the requisite authority to bind the Parties to the terms of the Agreement and are signing such Agreement as each respective Party's duly authorized agent or representative.

8. **Confidentiality**: The Parties and their counsel, and any person acting by, through, or in concert with the Parties and their counsel, shall not directly or indirectly, publish, disseminate, disclose, or cause or permit to be published, disseminated, or disclosed to any individual or entity in any manner, the content of this Agreement or the circumstances and discussions that led up to it, including, without limitation, the fact or amount of payment provided herein, excepts to a spouse, their attorneys, tax professionals such as accountants, a taxation authority, or as otherwise required by law or a court of law. This paragraph does not apply to material that is public information.

9. **Binding on Successors**: This Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

10. **Entire Agreement**: This Agreement constitutes the full and complete agreement of the Parties and supersedes any and all prior understandings, promises, representations and agreements, oral or written, with respect to the subject matter hereof.

11. **Reliance and Integration**: No statements, promises, or representations have been made by any Party, or relied upon, and no consideration has been or is offered, expected, or held out, other than as stated in this Agreement. There are no oral or written collateral agreements. All prior discussions and negotiations have been, and are, merged and integrated into, and are superseded by this Agreement.

12. **Modifications and Waiver**: No modifications or waiver of the provisions of this Agreement will be valid unless made in writing and signed by a duly authorized representative of each Party. This Agreement may not be amended, modified or changed orally.

13. **Construction and Interpretation**: Neither Party nor any of the Parties' respective attorneys will be deemed the drafter of this Agreement for purposes of interpreting any provision in this Agreement in any judicial or other proceeding that may arise between them. This Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

14. **Cooperation**: Plaintiff and Defendant agree to cooperate fully with one another and to use their best efforts to effect the consummation of this Agreement and dismissal of the Action.

15. **Severability**: To the extent any provision of this Agreement may be held to be invalid or legally unenforceable by a court of competent jurisdiction, the Parties agree that the remaining provisions of the Agreement shall not be affected and shall be given full force and effect.

16. **Counterparts**: This Agreement may be executed in counterparts, including by electronic signature, each of which constitutes an original, but all of which together constitutes

*EXECUTION COPY*

one and the same instrument. Several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, PDFs, or facsimiles of executed copies of this Agreement shall be treated as originals.

17. **Governing Law**: This Agreement shall be governed in accordance with the laws of the State of Kansas without regard to its choice of law provisions and shall inure to the benefit of and be binding upon the Parties and their respective heirs, executors, successors, and assigns.

18. **Recitals**: The recitals set forth *supra* are incorporated by this reference and are part of this Agreement.

19. **Responsibility for Tax Liability**: The Settlement Payment is a gross payment that may be subject to applicable taxes, tax withholdings, or payroll deductions. Plaintiff understands and agrees that Defendant assumes no liability whatsoever to any local, state, or federal taxing authority for the consequences or treatment of settlement proceeds, including attorneys' fees and costs, paid in resolution of the Action. Plaintiff acknowledges that Defendant has not made any representations about the tax consequences of the payment set forth herein.

**THE PARTIES HAVE AGREED TO THE TERMS OF THIS AGREEMENT AND HAVE INDICATED THEIR ASSENT BY SIGNING BELOW.**

Dated: Mar 8, 2021

_Danyale Yarger_ (signature)
Danyale Yarger

Dated: 3-3-21

_(signature)_
On behalf of Fresh Farms, LLC

By its: _Manager_