IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANYALE YARGER,<br><br>Plaintiff,<br><br>v.<br><br>FRESH FARMS, LLC,<br><br>Defendant. | Case No. 19-2767-JAR-JPO |

# DEFAULT JUDGMENT

Plaintiff Danyale Yarger filed this putative class action on behalf of herself and others similarly situated, alleging that Defendant Fresh Farms, LLC ("Fresh Farms") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. The Clerk entered default against Defendant Fresh Farms, LLC after it failed to appear or defend within twenty-one days of receiving notice of Plaintiff's Complaint. Before the Court is Plaintiff's Motion for Default Judgment (Doc. 35). Plaintiff provided Defendant with notice of its motion, but Defendant failed to respond and the time to do so has passed.[1] Therefore, the motion for default judgment is ripe and the Court is prepared to rule. As described more fully below, Plaintiff's motion for default judgment is granted.

## I.    Factual and Procedural Background

Plaintiff filed her Complaint in this matter on December 19, 2019, alleging that Defendant, a South Dakota wholesaler that delivers fruit and vegetables to customers nationwide, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by sending unsolicited, automatic text messages to Plaintiff's and the putative class members' cellular phones. Plaintiff alleges that she

---

[1] *See* D. Kan. R. 6.1(d)(2).

received an unsolicited text message advertisement from Defendant on November 7, 2019, without her consent. She alleges actual harm due to invasion of privacy, intrusion into her life, and private nuisance.

After moving to set aside the Clerk's entry of default, Defendant's counsel moved for leave to withdraw from this matter. On June 18, 2020, before that motion was decided, presiding Magistrate Judge James P. O'Hara granted the motion to withdraw but advised Defendant that a business entity may not proceed pro se or be represented by a non-attorney corporate officer.[2] Judge O'Hara warned Defendant that if it failed to obtain new counsel, default judgment likely would be entered against it.[3] Defendant was given until August 3, 2020 to obtain new counsel, but failed to do so. In an August 12, 2020 Memorandum and Order, this Court denied Defendant's motion to set aside default, and granted Plaintiff a period of ninety days to conduct class certification discovery, after which Plaintiff could renew her motion for class certification and seek a final default judgment.

Plaintiff sought and received several additional extensions of time to file her renewed motion for class certification. Finally, the Court ordered Plaintiff to file a motion for default judgment by May 27, 2021.[4] Plaintiff failed to meet this deadline, but the next day filed a status report advising the Court that the parties had settled the case on March 8, 2021.[5] However, Plaintiff represented that Defendant was in breach of the agreement, so Plaintiff requested an additional period of 60 days to notify the Court of the status of the case or seek default judgment in order to give Defendant time to remedy the breach. On July 31, 2021, Plaintiff filed a motion

---

[2] Doc. 19 at 1.

[3] *Id.*

[4] Doc. 29.

[5] Doc. 30.

to enforce the settlement agreement,[6] which this Court set for videoconference hearing on September 12, 2021. Defendant did not appear at the hearing. The Court discussed with Plaintiff's counsel its reluctance to grant the motion to enforce given that Defendant was unrepresented and, thus, could not appear in this matter.[7]

The instant motion seeking default judgment followed. In her motion, Plaintiff seeks only the amount negotiated by the parties to settle this matter on March 8, 2021—$2,500. The settlement agreement is attached as Exhibit 1 to the Motion to Enforce Settlement Agreement.

**II.     Standard**

Following entry of default, Fed. R. Civ. P. 55(b)(2) allows the court to enter default judgment. Under federal law, once default is entered, the defendant is not entitled to defend itself on the merits.[8] Default judgment may only be entered against defendants whom the court determines are not minors or incompetent persons.[9] As there is no evidence in the record that Defendant—an LLC—is a minor or an incompetent person, the Court may enter default judgment against it. Default judgment only establishes liability; it does not establish the amount of damages.[10] The factual allegations in the complaint relating to the amount of damages are not taken as true.[11] Rather, "[d]amages may be awarded only if the record adequately reflects the

---

[6] Doc. 32.

[7] *See, e.g.*, *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001).

[8] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 & n.11 (10th Cir. 2003) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002)).

[9] Fed. R. Civ. P. 55(b).

[10] *See, e.g.*, *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) (citations omitted); *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (citations omitted).

[11] *DeMarsh*, 2009 WL 3720180, at *2 (citation omitted).

basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."[12]

## III. Damages

Although this case was filed as a putative class action, the class was never certified. Thus, the only relevant damages are those suffered by Plaintiff. Under the statute, Plaintiff is entitled to recover "for actual monetary loss from [the] violation, or to receive $500 in damages for each such violation, whichever is greater."[13] And the Court may increase that award "to an amount equal to not more than 3 times [that] amount," if the violation was willful or knowing.[14] In her Complaint, Plaintiff sought actual damages, treble damages, pre- and post-judgment interest, and reasonable attorneys' fees, costs, and expenses.

Plaintiff offers no evidence to support any actual monetary loss to her from the TCPA violation; therefore, she is entitled to $500 per violation. Because the Complaint alleges one violative text message to Plaintiff, a treble damages award may not exceed $1,500. The Court easily finds that Plaintiff's reasonable attorneys' fees in litigating this case and pursuing a settlement and then default judgment in the face of Defendant's recalcitrance far exceeded $1,000 (the difference between the settlement amount and statutory damages). Given the statutory damages available, and the fact that the parties previously agreed to settle the case for this amount, the Court finds that the record adequately reflects the basis for Plaintiff's requested damages award of $2,500.

---

[12] *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1275 (D. Kan. 2016) (quoting *DeMarsh*, 2009 WL 3720180, at *2).

[13] 47 U.S.C. § 227(b)(3)(B).

[14] *Id.* § 227(b).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Default Judgment (Doc. 35) is **granted**.  Default judgment is hereby entered in favor of Plaintiff in the amount of $2,500.

**IT IS SO ORDERED.**

Dated: November 4, 2021

                                                   S/ Julie A. Robinson
                                                   JULIE A. ROBINSON
                                                   CHIEF UNITED STATES DISTRICT JUDGE